IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY GORAK,

               Plaintiff,

      v.

LYNDA SCHWANDT, TONJA HESSELBERG,
SGT. O'ROURKE, SGT. DAVIS, CO. WICK
and CO. GORDON,

               Defendants.

OPINION and ORDER

09-cv-230-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      The question in this prisoner civil rights case is whether defendants violated plaintiff

Gregory Gorak's rights under the Eighth Amendment by failing to fix a sink in his cell at the

Prairie du Chien Correctional Institution that was clogged from October 13 to October 18,

2008 and December 1 to December 6, 2008.  Defendants' motion for summary judgment

is now before the court.  Dkt. #16.  Because I agree with defendants that plaintiff has failed

to adduce evidence that the clogged sink caused a deprivation severe enough to violate the

---

      [1] The parties have declined the jurisdiction of the magistrate judge in this case.
Because no Article III judge has been assigned, I am assuming jurisdiction over the
case for the purpose of resolving the parties' current disputes.

1

Eighth Amendment, I am granting defendants' motion.

Also before the court is plaintiff's motion for leave to amend his complaint to add more defendants. Dkt. #25.  That motion will be denied as futile because plaintiff's claim would fail regardless of the prison officials he sued.  Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001) (motion for leave to amend may be denied as futile if amended complaint would not survive motion for judgment).


OPINION

Cell conditions may violate the Eighth Amendment when they are so unsanitary that they threaten a prisoner's health.  Townsend v. Fuchs, 522 F.3d 765, 772 (7th Cir. 2008). A prison official may be held liable for a violation under 42 U.S.C. § 1983 when he is aware of the dangerous nature of the conditions, but refuses to do anything about it.  Id. at 773. In the order screening plaintiff's complaint, dkt. #9,  I concluded that plaintiff had stated a claim upon which could be granted because he alleged that his sink was his "only source for drinking and washing" and that he suffered from nausea, diarrhea, an eye sty and a large underarm boil as a result of the unsanitary conditions in his cell.  In addition, liberally construing his complaint, I concluded that plaintiff had alleged that each of the defendants was aware that plaintiff was being harmed, but they refused to take any action.

As it turns out, plaintiff was not forced to wash with the water from his sink or drink

2

it.  According to plaintiff's affidavit, he was allowed to shower twice a week outside his cell and received drinks such as juice and milk with his meals.  Plt.'s Aff.  ¶¶ 6, 24, dkt. #28. Even if plaintiff needed to drink from the faucet in his sink, he could have done so without drinking stagnant water.  It is undisputed that the sink in his cell had "a 'bubbler' type faucet which shoots water up and away from the bowl of the sink."  Dfts.' Reply to Plt.'s Resp. to Dfts.' PFOF ¶ 17,dkt. #30.  Thus, plaintiff could have filled his cup with clean water from the faucet.  Although plaintiff avers that the faucet had poor water pressure, his complaint is not that he had to *drink* the water in the basin, only that the "base of the cup would . . . be touching the stagnant water."  Plt.'s Aff. ¶ 12, dkt. #28.

In any event, plaintiff alleges that he did not actually use the sink once it filled up completely on October 14 and December 3.  Thus, plaintiff's only exposure to the water in the sink was looking at it and smelling it for a few days. Although that was likely an unpleasant experience for plaintiff, it does not rise to the level of an "extreme deprivation" necessary to trigger the Eighth Amendment on a claim regarding cell conditions.  Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).  Plaintiff cites Hudson for the proposition that a prisoner need not suffer a serious injury to seek relief under the Eighth Amendment, but that is only in the context of an excessive force claim.  Id. at 8 ("What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue.").

3

Some parts of plaintiff's brief suggest that he means to argue that the unsanitary condition was not just his exposure to the water, but an inability to wash his hands and face in between showers, which he was allowed to take on Tuesdays and Saturdays. (Although neither side addresses this issue directly, I assume that plaintiff did not have access to another sink, in the dayroom for example, because plaintiff was housed in segregation.) In his affidavit, plaintiff avers that each time he pressed the button to activate the faucet, it would dispense 14 ounces of water, so once the sink was full he could not use the faucet without flooding the cell.   Plt.'s Aff. ¶ 13, dkt, #28.

One problem with this claim is that it is questionable whether the complaint provides notice of it as required by Fed. R. Civ. P. 8.  <u>EEOC v. Lee's Log Cabin, Inc.</u>, 546 F.3d 438, 443 (7th Cir. 2008).  In the screening order, I understood plaintiff to be alleging that he suffered various health problems because he was forced to drink and wash with unsanitary water. Plaintiff did not allege explicitly that he was harmed because he was unable to wash himself at all and he did not file anything with the court suggesting that I misunderstood his claim.

However, even if I assume that plaintiff properly preserved this claim, there are other problems with it. For one thing, plaintiff has adduced no admissible evidence that he suffered any injury as a result of being unable to wash himself for several days in between showers. <u>Langston v. Peters</u>, 100 F.3d 1235, 1238 (7th Cir. 1996) (on Eighth Amendment

4

claim, prisoner must show that injury was caused by defendant's conduct).  In his complaint, plaintiff alleged four physical injuries: nausea, diarrhea, an eye sty and a boil on his underarm.  (Plaintiff alleges that he experienced emotional distress as well, but he cannot recover for emotional distress unless he was physically injured. 42 U.S.C. § 1997e(e).)

Plaintiff has adduced no evidence of any kind that he suffered from nausea or diarrhea.  In his affidavit, he avers that he *complained* to some of the defendants about these symptoms, Plt.'s Aff. ¶¶ 20, 25, dkt.#28, but he does not aver that he actually experienced nausea or diarrhea, so I need not consider those symptoms.  Plaintiff does aver that he suffered from eye sty in October and a boil under his arm in December.  Id. at ¶¶35, 46. Medical records confirm the existence of the boil, id., exh. 208, but not the sty because it seems that plaintiff did not pursue treatment for the latter condition. Id., exh. 205 (stating in health services request that  he will "let [the sty] run its course").  Although I need not reach this issue, it is questionable whether a sty that plaintiff did not consider serious enough to need medical treatment could qualify as a harm serious enough to give rise to an Eighth Amendment claim.

Plaintiff's own opinion is the only evidence he submits to show that his sty was caused by his cell conditions, but he is not qualified to make that assessment.  Pearson v. Ramos, 237 F.3d 881, 886 (7th Cir. 2001) (nonexpert may not testify regarding cause of medical condition).  With respect to the boil,  he cites an article from the website "WebMD"

in which the author states that "[m]ost boils are caused by a germ," Plt.'s Aff., exh. 211, dkt.#28, and a memo from the health services unit stating that washing one's hands helps to prevent infections. Id., exh. 212.  These exhibits are not admissible because they are hearsay.  Hemsworth v. Quotesmith.Com, Inc., 476 F.3d 487, 490 (7th Cir. 2007) ("The evidence relied upon in defending a motion for summary judgment must be competent evidence of a type otherwise admissible at trial.") Even if the exhibits were admissible, they do not support plaintiff's claim because they address possible causes of a boil only; they do not address the specific cause of *plaintiff's* boil.

Plaintiff suggests that he does not need to prove an injury, citing the Supreme Court's statement in Helling v. McKinney, 509 U.S. 25, 33 (1993), that "a prison inmate . . .  could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery." However, Helling was a case about obtaining *injunctive* relief, which plaintiff has not requested. (An injunction is not a possible remedy anyway in this case because plaintiff is no longer in the same cell or even at the same prison; he was transferred to the Wisconsin Secure Program Facility in 2009.  Ortiz v. Downey, 561 F.3d 664, 668 (7th Cir. 2009) (transfer to different prison moots claim for injunctive relief on claim about cell conditions).)   In a case for damages such as this one, plaintiff must show that he was harmed.  Henderson v. Sheahan, 196 F.3d 839, 848-49 (7th Cir 1999); Doe v. Welborn, 110 F.3d 520, 523 (7th Cir. 1997); Babcock v. White, 102 F.3d 267, 271 (7th Cir. 1996).

6

Even if I concluded that plaintiff suffered serious physical harm because he was unable to wash himself, defendants could not be held liable unless they *knew* of a substantial risk that plaintiff would suffer a serious harm. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009). Some of the defendants deny having any knowledge of plaintiff's situation until after the problem was solved. However, even if I assume that all the defendants knew that his sink was clogged and that plaintiff was not using his sink, that does not mean they were aware of a substantial risk that being without a sink for a few days would lead to serious health consequences.

Finally, defendants are entitled to qualified immunity unless plaintiff can show that it was clearly established that depriving a prisoner of a sink for a few days violated the Eighth Amendment. Mannoia v. Farrow, 476 F.3d 453, 457 (7th Cir. 2007). Plaintiff fails to cite any cases that would have put defendants on notice that they were violating the law. Most of his argument on qualified immunity addresses the question whether defendants were acting pursuant to a policy, but that issue is relevant to a municipal liability analysis, not qualified immunity. The cases he does cites involve deprivations that were much more serious than his or of a much longer duration. Townsend v. Fuchs, 522 F.3d 765 (7th Cir. 2008) (sleeping on moldy and wet mattress for two months); Henderson v. DeRobertis, 940 F.2d 1055, 1056 (7th Cir. 1991) (cell temperatures "below freezing" for four days); Murphy v. Walker, 51 F.3d 714, 721 (7th Cir. 1995) (confined naked in cold cell for week and a

7

half).  See also Vinning-El v. Long, 482 F.3d 923, 924 (7th Cir. 2007) (for six days, prisoner was "stripped of his clothing and placed in a cell in the disciplinary-segregation unit.  He was and not permitted to have any personal property.  The floor of the cell was covered with water, the sink and toilet did not work, and the walls were smeared with blood and feces.  [He] was forced to remain in the cell without a mattress, sheets, toilet paper, towels, shoes, soap, toothpaste, or any personal property").

In cases involving short-term deprivations similar to plaintiff's, courts have held that no Eighth Amendment violation occurred.  E.g., Regan v. John Doe Individuals of H.C.F., 2007 WL 3332037, *10 (D. Hawai'i 2007) (dismissing claim that prisoner's sink was clogged for two weeks); Green v. Padula, 2007 WL 2493563, *3 (D.S.C. 2007) (dismissing Eighth Amendment claim involving clogged sink); Lunney v. Brureton, 2007 WL 1544629, *15 (S.D.N.Y. 2007) (dismissing claim under Eighth Amendment that sink was clogged for five days); Castro v. Chesney, 1998 WL 767467, *4 (E.D.Pa. 1996) (no constitutional violation where plaintiff placed in a "dry cell" without running water for several days); Johnson v. Commissioner of Correctional Services, 699 F. Supp. 1071, 1074 (S.D.N.Y. 1988) (plaintiff confined for one week in cell with an inoperable sink did not suffer constitutional violation because he was provided drinks with meals).  See also Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for period of

8

several days was not constitutional violation).

The only case plaintiff cites that bears any resemblance to his is <u>Johnson v. Pelker</u>, 891 F.2d 136, 140 (7th Cir. 1989). The similarity is that the prisoner in that case alleged that he was without running water for several days, which would have limited his ability to wash himself. However, the differences are significant. "No running water" would also mean that the prisoner was unable to flush his toilet. In addition, the prisoner in <u>Johnson</u> alleged that feces were smeared all over his walls, which would contribute substantially to the unsanitary condition of the cell. Finally, the court did not conclude that the alleged cell conditions violated the Eighth Amendment; it simply stated that "Johnson's allegations, while perhaps ultimately without merit, warrant an expanded response which will enable the magistrate to examine further Johnson's claim and articulate more detailed findings." <u>Id.</u> at 140. Accordingly, I conclude that plaintiff has failed to show that defendants violated his clearly established rights.

Plaintiff's frustration with his situation is somewhat understandable because both times his sink was clogged, the problem could have been fixed easily with a plunger, but it took several days for anyone to act on his complaint. The second incident is particularly unfortunate because the warden had personally assured plaintiff it would not happen again. Plt.'s Aff., exh. 207, dkt. #28 (warden stated in response to grievance that "this should not occur and will not occur again"). However, the Eighth Amendment does not provide a

9

remedy for every unpleasant experience in prison.  "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson, 503 U.S. at 9 (internal quotations and citations omitted).  Plaintiff's situation was unfortunate, but I cannot conclude that the "minimal civilized measure of life's necessities" includes uninterrupted access to an unclogged sink.

### ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Lynda Schwandt, Tonja Hesselberg, Sgt. O'Rourke, Sgt. Davis, CO Wick and CO Gordon, dkt. #16, is GRANTED.  Plaintiff Gregory Gorak's motion for leave to amend his complaint, dkt. #25, is DENIED as futile.   The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 5th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10